IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PRAMCO CV9, LLC,<br><br>   Plaintiff<br><br>   v.<br><br>J.L. BERRÍOS INVESTMENT CORP.<br>and JORGE LUIS BERRÍOS-MANZANO,<br><br>   Defendants | CIVIL NO. 08-1861 (JP) |

**DEFAULT JUDGMENT**

The Court has before it Plaintiff's motion for default judgment (**No. 19**) against Defendants J.L. Berríos Investment Corp. and Jorge L. Berríos-Manzano (collectively, "Defendants"). The motion is **GRANTED**. Upon Plaintiff's motion for judgment, and it appearing from the records of the above-entitled case that default was entered by the Clerk of this Court against Defendants on May 5, 2009 (No. 17) for their failure to plead or file an answer to the Complaint or otherwise appear in the above cause, Plaintiff is entitled to a judgment by default.

**IT IS HEREBY ORDERED:**

1.  On July 20, 2006, the original borrower - the Defendant - subscribed a mortgage note for the principal amount of $330,000.00 with interest at the rate of seven and one fourth percent per annum.

2.  Said mortgage note was subscribed in favor of or to the order of R & G Mortgage Corporation. Plaintiff is currently the

CIVIL NO. 08-1861 (JP)          -2-

holder of said mortgage.  On September 28, 2007, said mortgage note was purchased from R & G Mortgage Corporation by Plaintiff. Plaintiff is the current owner of the mortgage note.

3. For the purpose of securing the payment of said note, a mortgage was constituted by Deed Number 726, dated July 20, 2006, before Notary Public Georgette M. Rodríguez-Figueroa, over the following real property:

**(A)**

**URBANA**: **Parcela de terreno identificado como solar número cincuenta y ocho (58) del bloque "LD" de la Urbanización L'Antigua, radicada en el Barrio Dos Bocas del término municipal de Trujillo Alto, Puerto Rico, con una cabida de QUINIENTOS SETENTA Y CUATRO PUNTO VEINTIDOS METROS CUADRADOS (574.22 m.c.), y en lindes por el NORTE, en treinta y cuatro punto treinta y nueve metros (34.39 m.) con el solar número cincuenta y siete (57); por el SUR, en treinta y uno punto quince metros (31.15 m.), con el solar cincuenta y nueve (59), por el ESTE, en un arco de dieciséis metros (16.00 m.) con la calle número dos (2); y por el OESTE con diecinueve punto cincuenta y uno metros (19.51 m.) con los solares número setenta y siete (77) y setenta y ocho (78).**

**Enclava una casa.**

**(B)**

**RUSTICA**: **Predio de terreno marcado en el plano de inscripción con el número tres (3), localizado en el Barrio Membrillo del término municipal de Camuy, Puerto Rico, con un área superficial de MIL SEIS PUNTO CINCUENTA Y CINCO METROS CUADRADOS (1,006.55 m.c.), equivalentes a cero punto veinticinco seiscientos diez cuerdas (0.25610 cdas.); en lindes por el NORTE, con terrenos pertenecientes a Juan Mejías; por el SUR, en treinta metros (30.00 m.) con camino municipal; por el ESTE, en treinta y dos punto cincuenta y siete metros (32.57 m.)**

CIVIL NO. 08-1861 (JP)           -3-

> **con terrenos pertenecientes a la Sucesión Rivera y por el OESTE, en treinta y cinco metros (35.00 m.)con remanente de la finca principal de donde se segregó.**
>
> **Enclava una casa para fines residenciales.**

Plaintiff's mortgage over Property (A) Property Lot No. 26,600 of the First Section of Trujillo Alto, San Juan 4th, Puerto Rico, in the amount of **TWO HUNDRED EIGHTY NINE THOUSAND EIGHT HUNDRED AND THIRTY DOLLARS ($289,830.00)**. The mortgage has not been recorded over Property (B) above.

4. Defendants, owner of record of Property A, have failed to comply with the terms and conditions of the mortgage contract and has refused to pay the stipulated monthly installments, in spite of Plaintiff's demands and collection efforts.

5. According to the terms and conditions of the mortgage contract, if default is made in the payment of an installment under the mortgage note, and said default is not made good within thirty days after the holder notifies the borrower of the default, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

6. Defendants' indebtedness with Plaintiff is:

> a) $326.806.10 of aggregate principal;
>
> b) $4,184.00 of interest accrued as of February 12, 2009, and thereafter until its full and total payment, which amount increases at the daily rate of $65.82;

CIVIL NO. 08-1861 (JP)          -4-

    c)   Costs, charges, disbursements, and attorneys' fees in the amount of $33,000.00, plus insurance premiums, taxes, advances, late charges, costs, and disbursements due to the date of sale.

7. Defendant, as debtor of the amounts prayed for in the Complaint, are hereby **ORDERED** to pay unto Plaintiff the amounts specified and set forth in the preceding paragraph, paragraph six.

8. In default of the payment of the sums herein specified or of any part thereof within the ten days from the date of entry of this Judgment, said property shall be sold by the U.S. Marshal of this Court or a Special Master at a public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

9. The U.S. Marshal of this Court or the Special Master shall make the sale mentioned herein in accordance with 28 U.S.C. Sections 2001 and 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law. The notice of sale shall be published in a newspaper of general circulation once a week during four consecutive weeks. The amount of $330,000.00 shall serve as the minimum bid for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale. Should there be no award or adjudication at the second

CIVIL NO. 08-1861 (JP) -5-

public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale. The U.S. Marshal of this Court or the Special Master shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court. Such sale shall be subject to the confirmation of this Court. Upon confirmation, the U.S. Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law. Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty days from the confirmation of the public sale.

10. Any funds derived from the sale to be made in accordance with the terms of this Judgment and such further orders of this Court shall be applied as follows:

    a) To the payment of all proper expenses attendant upon said sale;

    b) To the payments of that part of the indebtedness owed to Plaintiff in the same order and for the amounts specified, and set forth in paragraph six;

    c) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

CIVIL NO. 08-1861 (JP)          -6-

      d)   In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to Plaintiff, Plaintiff shall be entitled to a deficiency judgment against Defendants and shall have execution therefor.

11. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

12. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of May, 2009.

                                        s/Jaime Pieras, Jr.
                                          JAIME PIERAS, JR.
                                    U.S. SENIOR DISTRICT JUDGE